IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KATHLEEN T. MURPHY              : CIVIL ACTION
                               :
        Plaintiff              :
                               :
    vs.                        :
                               : NO.  07-CV-4104
CITY OF PHILADELPHIA           :
DEPARTMENT OF RECREATION        :
                               :
        Defendant              :


**MEMORANDUM AND ORDER**


**JOYNER, C.J.**                        **August 17, 2011**


        This employment discrimination case has been brought before
the Court on post-trial motions of the Defendant, City of
Philadelphia Department of Recreation for judgment as a matter of
law and to alter or amend the judgment pursuant to Fed. R. Civ.
P. 50 and 59.  For the reasons which follow, the motions shall be
denied.

## History of the Case

        Plaintiff Kathleen Murphy began working for the City of
Philadelphia's Department of Recreation as a seasonal employee in
1969.  In March, 1978, she was hired by the Department as a
permanent full-time Recreation Leader.  In 1999, she was promoted
to the position of Recreation Program Director, charged with
directing the operations of several sections of the Program

Division and supervising some 3 to 5 District Managers and 4 to 6 Program Coordinators.  In her capacity as Program Director, Ms. Murphy reported directly to William Carapuccio, who was the Deputy Commissioner for the Department of Recreation.

In May 2006, Ms. Murphy filed the first of three Charges of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC") alleging that beginning in 2000 and continuing to the present, Mr. Carapuccio had discriminated against her on the basis of her gender by, *inter alia*, giving her more difficult assignments than her male counterparts, overly scrutinizing her work, refusing to discuss assignments with her and requiring a written schedule only from her, and by using profanity and screaming at her.  In addition, Plaintiff alleged that Mr. Carapuccio repeatedly made derogatory remarks about women and that when she complained about his behavior to the Deputy Managing Director and to the internal EEO office, Mr. Carapuccio retaliated against her by removing some of her greater responsibilities and by giving her a written warning which hindered any possibility of promotion.  Plaintiff's subsequent EEO/PHRC charges alleged further instances of retaliation and disparate treatment by the Defendant Department acting through Mr. Carapuccio and Victor Richard, another Commissioner, which eventually purportedly caused Plaintiff to resign her position.  Following the receipt of a "Right to Sue"

2

letter on August 2, 2007, Plaintiff commenced this lawsuit on October 1, 2007 pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et. seq.* seeking compensatory damages for lost wages, benefits, promotions, pain and suffering/emotional distress and punitive damages.

Trial in this matter commenced on November 15, 2010 and, following six days of testimony and argument, concluded with a verdict on November 22, 2010 in favor of the plaintiff and against the defendant in the amount of $100,000 in compensatory damages for the Defendant's retaliation only.   Defendant thereafter filed the Renewed Motion for Judgment as a Matter of Law and/or to Alter or Amend the Judgment that is now before us.

**Standards Governing Motions Under Rules 50(b) and 59**

Defendant invokes Fed. R. Civ. P. Nos. 50(b) and 59 as authority for the entry of judgment in its favor as a matter of law or to alter/amend the judgment against it.   Specifically, Rule 50(b) states the following:

> **(b) Renewing the Motion After Trial; Alternative Motion for New Trial.**  If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion.  No later than 28 days after the entry of judgment - or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged - the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59.   In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned

3

a verdict;

(2) order a new trial; or

(3) direct the entry of judgment as a matter of law.

As with motions under Rule 50(b), the time to file a motion for a new trial and/or a motion to alter or amend a judgment is 28 days after the entry of judgment.  Fed. R. Civ. P. 59(b), (e). Further, ... "the court may, on motion, grant a new trial on all or some of the issues - and to any party - ... after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1).

Rule 50 thus allows a trial court to remove cases or issues from the jury's consideration "when the facts are sufficiently clear that the law requires a particular result."  Weisgram v. Marley Co., 528 U.S. 440, 447, 120 S. Ct. 1011, 1017, 145 L. Ed.2d 958 (2000)(quoting 9A C. Wright & A. Miller, *Federal Practice and Procedure §2521*, p. 240 (2d ed/ 1995)).  Under this Rule, a court should only render judgment as a matter of law "when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149, 120 S. Ct. 2097, 2109, 147 L. Ed.2d 105 (2000)(quoting Fed. R. Civ. P. 50(a)).  What's more, in entertaining a motion for judgment as a matter of law, the court

4

should review all of the evidence in the record and must draw all reasonable inferences in favor of the nonmoving party; it may not make credibility determinations or weigh the evidence, as those are jury functions - not those of a judge.  Reeves, 530 U.S. at 150, 120 S. Ct. at 2110 (citing, *inter alia*, Lytle v. Household Mfg., Inc., 494 U.S. 545, 554-555, 110 S. Ct. 1331, 108 L. Ed.2d 504 (1990); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).  "[A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe."  Id.; Springer v. Henry, 435 F.3d 268, 281 (3d Cir. 2006).  Finally, "entry of judgment as a matter of law is a 'sparingly' invoked remedy" which is properly utilized "where the record is critically deficient of the minimum quantum of evidence in support of the verdict."  Eshelman v. Agere Systems, Inc., 564 F.3d 426, 433 (3d Cir. 2009); Marra v. Philadelphia Housing Authority, 497 F.3d 286, 300 (3d Cir. 2007); CGB Occupational Therapy, Inc. v. RHA Health Services, Inc., 357 F.3d 375, 383 (3d Cir. 2004).  The question is not whether there is literally no evidence supporting the unsuccessful party but whether there is evidence upon which a reasonable jury could properly have found its verdict.  Eshelman and Marra, both supra.

Motions under Rule 59(e) should also be granted sparingly because of the interests in finality and conservation of scare

judicial resources.  Bouie v. Varner, Civ. A. No. 00-4846, 2002
U.S. Dist. LEXIS 8132 at * 3 (E.D. Pa. May 7, 2002); Ruscavage v.
Zuratt, 831 F. Supp. 417, 418 (E.D. Pa. 1993).  The purpose of a
motion to alter or amend judgment is to correct manifest errors
of law or fact or to present newly discovered evidence.  Id.
Thus, a judgment may be altered or amended if the party seeking
reconsideration establishes at least one of the following
grounds: (1) an intervening change in controlling law; (2)
availability of new evidence that was not available when the
court issued its order; or (3) the need to correct a clear error
of law or fact or to prevent manifest injustice . Gutierrez v.
Gonzales, 125 Fed. Appx. 406, 417, 2005 U.S. App. LEXIS 4502 at
*29 (3d Cir. 2005)(citing North River Insurance Co. v. CIGNA
Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); McGuffey v.
Brinks, Inc., 598 F. Supp. 2d 659, 667 (E.D. Pa. 2009); Arlington
Industries, Inc. v. Bridgeport Fittings, Inc., 3:06-CV-1105, 2009
U.S. Dist. LEXIS 77070 at *4 (M.D. Pa. Aug. 28, 2009).  To show
clear error or manifest injustice, the moving party must base its
motion on arguments that were previously raised but were
overlooked by the Court.  United States v. Jasin, 292 F. Supp.2d
670, 676 (E.D. Pa. 2003).  In conducting a clear error analysis,
a reviewing court must ask whether, "on the entire evidence, it
is left with the definite and firm conviction that a mistake has
been committed." Easley v. Cromartie, 532 U.S. 234, 242, 121 S.

Ct. 1452, 1458, 149 L. Ed.2d 430 (2000)(quoting <u>United States v.</u>
<u>United States Gypsum Co.,</u> 333 U.S. 364, 395, 68 S. Ct. 525, 92 L.
Ed.2d 746 (1948)).

## **Discussion**

        *1. Motion for Judgment as a Matter of Law*

        Defendant first asserts that the judgment on Plaintiff's
retaliation claim should be reversed and judgment instead entered
in its favor as a matter of law because Plaintiff should have
been precluded from introducing retaliatory events which occurred
after May 10, 2006.  The essence of Defendant's argument seems to
be that Plaintiff was required to file separate civil actions
within the ninety day period immediately following her receipt of
a right to sue notice from the EEOC on each administrative charge
filed.  In response, Plaintiff observes that Defendant has waived
its right to make a Rule 50(b) motion because it did not move for
the entry of judgment as a matter of law at the close of
Plaintiff's case on the grounds that Plaintiff failed to properly
file a complaint within 90 days of receipt of her right to sue
notices from the EEOC nor can Defendant demonstrate that it may
have otherwise preserved its right to make this motion now
because it failed to order transcripts from the trial.

        Plaintiff is correct that "a party who does not file a Rule
50 motion for judgment as a matter of law at the end of the
evidence is not thereafter entitled to have judgment entered in

its favor notwithstanding an adverse verdict on the ground that there is insufficient evidence to support the verdict." Greenleaf v. Garlock, Inc., 174 F.3d 352, 364 (3d Cir. 1999).[1] However, putting this aside and the fact that this motion may also be dismissed for lack of prosecution for failure to order a transcript under Local Rule of Civil Procedure 7.1(e), we note that Defendant's argument was the subject of a motion in limine which Defendant filed on November 11, 2010 and which we denied following argument on November 15, 2010.  Plaintiff does not dispute that she did not file separate lawsuits within 90 days of receiving her Right to Sue letters on her 2007 and 2008 charges alleging retaliation and constructive discharge.  It is clear, however, from the face of Plaintiff's complaint, filed on October 1, 2007, that these charges of discrimination and the facts underlying the filing of those charges were included in Plaintiff's complaint, at paragraphs 18 - 29.  It is equally clear from the face of the original, May 10, 2006 charge of discrimination that Plaintiff was claiming retaliation discrimination and that the discrimination against her was

---

[1]  Indeed, a Rule 50(a) motion must be "sufficiently specific to afford the party against whom [it] is directed with an opportunity to cure possible defects in proof which otherwise might make its case legally insufficient." Lightning Lube v. Witco Corp., 4 F.3d 1153, 1173 (3d Cir. 1993).  Moreover, "the failure to move for a directed verdict at the close of all evidence 'does more than limit an aggrieved party's remedy to a new trial.  In this Circuit, it wholly waives the right to mount any post-trial attack on the sufficiency of the evidence.'" State Farm Mutual Auto Insurance Co. v. Lincow, 715 F. Supp. 2d 617, 627-628 (E.D. Pa. 2010)(quoting Yohannon v. Keene Corp., 924 F.2d 1255, 1262 (3d Cir. 1991).  See also, Williams v. Runyon, 130 F.3d 568, 571-572 (3d Cir. 1997).

ongoing.   Indeed, Plaintiff checked both the retaliation and continuing action boxes on the charge form and alleged that after she had complained about Mr. Carapuccio's disparate treatment and abusive behavior to Deputy Managing Director Platt-Coles, Commissioner Richard and former Director of Human Resources Gallatig, Mr. Carapuccio continued to exclude Plaintiff from meetings, removed additional responsibilities from Plaintiff and then issued a written warning against her which purportedly hindered any possibility of further promotion.   In the original charge's concluding paragraph, Plaintiff further avers:

> I believe that I have been discriminated against because of
> my sex (female) and retaliated against in violation of Title
> VII of the Civil Rights Act of 1964, as amended, when I was
> harassed, subjected to different terms and conditions of
> employment and was unfairly disciplined after I complained
> of discrimination.

The Third Circuit has made clear that "a district court may assume jurisdiction over additional charges if they are reasonably within the scope of the claimant's original charges and if a reasonable investigation by the EEOC would have encompassed the new claims." Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984); Hicks v. ABT Associates, Inc., 572 F.2d 960, 966 (3d Cir. 1978); Engelke v. Aldie Counseling Center, Inc., Civ. A. No. 08-3130, 2008 U.S. Dist. LEXIS 108613 at *7, 21 Am. Disabilities Cases (BNA) 1053 (E.D. Pa. Nov. 21, 2008); See also, Robinson v. Dalton, 107 F.3d 1018, 1024-1025 (3d Cir. 1997).   Given that the charges of

discrimination filed on April 19, 2007 and April 9, 2008 allege
only additional instances of the same types of retaliatory
scrutiny, reprimands, and disparate treatment by the same
individuals within the Department which Plaintiff contends
eventually forced her to resign, we find they are reasonably
within the scope of the original claim and that the complaint
which Plaintiff filed on October 1, 2007 timely encompassed all
three of the charges.  Accordingly, we find no merit to
Defendant's post-trial motion for the entry of judgment as a
matter of law and it is therefore denied.

*2. Motion to Alter and/or Amend the Judgment*

Defendant next asks this Court to alter and/or amend the
$100,000 judgment by ordering a remittitur because the amount
awarded by the jury is clearly excessive.

"The remittitur is well established as a device employed
when the trial judge finds that a decision of the jury is clearly
unsupported and/or excessive."  Cortez v. Trans Union, LLC, 617
F.3d 688, 715 (3d Cir. 2010)(quoting Spence v. Board of Education
of Christina School District, 806 F.2d 1198, 1201 (3d Cir.
1986)).  A remittitur is a substitution of the court's judgment
for that of the jury regarding the appropriate award of damages;
the court orders a remittitur when it believes the jury's award
is unreasonable on the facts.  Johansen v. Combustion
Engineering, Inc., 170 F.3d 1320, 1331 (11th Cir. 1999)(cited

10

with approval in <u>Cortez</u>, 617 F.3d at 716.)   The use of
remittitur "clearly falls within the discretion of the trial
judge, whose decision cannot be disturbed ... absent a manifest
abuse of discretion." <u>Evans v. Port Authority of New York and</u>
<u>New Jersey</u>, 273 F.3d 346, 354 (3d Cir. 2001)(quoting <u>Spence v.</u>
<u>Board of Education of Christina School District</u>, 806 F.2d 1198,
1200 (3d Cir. 1986)).  This is because "[t]he district judge is
in the best position to evaluate the evidence presented and
determine whether or not the jury has come to a rationally based
conclusion." <u>Id</u>.   A district court abuses its discretion when
its decision "rests upon a clearly erroneous finding of fact, an
errant conclusion of law or an improper application of law to
fact." <u>Hawa Abdi Jama v. Esmor Correctional Services, Inc.</u>, 577
F.3d 169, 173 (3d Cir. 2009) (quoting <u>Pineda v. Ford Motor Co.</u>,
520 F.3d 237, 243 (3d Cir. 2008)).  A district court has an
obligation "to uphold the jury's award if there exists a
reasonable basis to do so," and may not "vacate or reduce the
award merely because it would have granted a lesser amount of
damages." <u>Potence v. Hazleton Area School District</u>, 357 F.3d
366, 374 (3d Cir. 2004)(quoting <u>Evans</u>, 273 F.3d at 351-352)).

    As a general proposition, a plaintiff must present evidence
of actual injury before recovering compensatory damages for
emotional distress. <u>Chainey v. Street</u>, 523 F.3d 200, 216 (3d
Cir. 2008); <u>Gunby v. Pennsylvania Electric Company</u>, 840 F.2d

1108, 1121 (3d Cir. 1988).  In addition, there must be a rational relationship between the specific injury sustained and the amount awarded.  Gumbs v. Pueblo International, Inc., 823 F.2d 768, 773 (3d Cir. 1987).  The onus, however, is on the aggrieved defendant to show that the other side's evidence did not justify the award. William A. Graham Co. v. Haughey, No. 10-2672, 2011 U.S. App. LEXIS 9906 at *7 (3d Cir. May 16, 2011)("In the ordinary remittitur case, an aggrieved defendant need 'only' show that the other side's evidence did not justify the award.").  "Grossly excessive is a hard thing to show, but the defendant can proceed by demonstrating that his opponent's case is feeble, or that the damages are out of proportion to the actual injury."  Id. Indeed, to disturb a verdict in the Third Circuit, "the damages assessed must be so unreasonable as to offend the conscience of the court."  Keller v. County of Bucks, 05-2106, 209 Fed. Appx. 201, 207, 2006 U.S. App. LEXIS 31608 at *15 (Dec. 22, 2006).  In determining whether an amount is excessive, a court may look at awards in similar cases.  Hurley v. Atlantic City Police Department, 933 F. Supp. 396, 423 (D. N.J. 1996).

In applying these legal principles to the verdict at hand, while it is admittedly a close call, we do not find the damages to be so unreasonable as to shock the court's conscience nor can we find that the defendant has met its burden to show that the plaintiff's evidence is so feeble as to seriously undermine the

12

amount awarded.  Indeed, given the plaintiff's failure to order
the trial transcripts in compliance with Local Rule of Civil
Procedure 7.1(e), we rely solely on our recollection of the
proceedings.  It is our recollection that while the only
testimony on this issue came from the plaintiff herself, her
testimony was heartfelt and credible and to the effect that the
treatment which she received from the City and from Mr.
Carapuccio in particular caused her great emotional pain,
anguish, anxiety and depression, and resulted in her becoming
physically ill and experiencing severe stress and strain in her
various personal relationships, including those with her
children.  Plaintiff also testified that she suffered from these
symptoms for more than a year and that she sought treatment from
several doctors and therapists with little, if any relief.  As
was observed by the court in Hurley, supra, "[a]wards for
emotional distress in discrimination cases arising under §1983,
§1981 and Title VII rarely come close to $575,000 and typically
are for less than $50,000."   Insofar as Hurley was decided 15
years ago and involved a remittitur in the judgment to $175,000,
we do not believe that the jury's award of $100,000 to compensate
Plaintiff for her emotional injuries here is so excessive as to
warrant reduction.  Again, the question is not whether we would
have awarded less money to the plaintiff; it is rather whether
there exists a reasonable basis to uphold the verdict.  For the

reasons stated, we find that there is and accordingly, the motion to alter or amend the judgment is likewise denied.

An order follows.